LEONA J. URBAN, APPELLEE, v. WALTER R. URBAN, APPELLANT.

32 N. W. 2d 410

Filed May 20, 1948. No. 32408.

*Swarr, May, Royce, Smith & Story,* for appellant.

*Webb & Kelley,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

Appellant Walter R. Urban, defendant below, appeals from a decree of divorce entered by the district court for Douglas County in favor of the appellee Leona J. Urban, plaintiff below.

Appellant complains of those provisions in the decree which provide as follows: That he may, at reasonable times, visit the minor daughter, Diana J., whose custody was awarded to the appellee; that he pay $100 per month, commencing September 1, 1947, for the care and support of said minor child; that appellee have all the furnishings and contents in the home of the parties located at 4315 Chicago Street and all right and title of the appellant in and to said property; that he pay appellee the sum of $3,500 with interest thereon at five percent from date of the decree, which is August 27, 1947.

With reference to the allowance of $3,500 to appellee the decree provides that it is to be paid at the rate of $75 per month, commencing on September 1, 1947, but directs that appellee, upon receipt of each monthly payment, is to remit the same to Fred M. Urban and Rose M. Urban, parents of appellant, to be applied upon a $3,500 indebtedness due said parents from these parties as evidenced by their note.

Shortly after this case was filed the appellee made application for temporary allowances. On June 9, 1947, the court sustained this application and allowed, for the care and support of the minor child and as temporary alimony, the sum of $25 per week. It appears that the appellant has regularly paid this allowance.

The record discloses that prior to her marriage the appellee lived in Kansas City, Missouri. They were married there on March 23, 1936. At that time appellee

was 18 years of age and appellant 27. He is a graduate of the College of Engineering of the University of Kansas with a Bachelor of Science degree in chemical engineering. Immediately following their marriage they came to Omaha to make it their permanent home and have lived there ever since.

At the time of their marriage they had no property other than a second-hand car. Appellant was employed as a cereal chemist with the Miller Cereal Mills and earned about $100 per month. In May 1936 they purchased a home at 3835 Saratoga Street in Omaha for the sum of $2,200. They moved into this home and lived there until after they purchased their present home at 4315 Chicago Street in March 1946. They moved into this home in April 1946, after repairing and improving it.

In October 1936 appellant changed his employment and started working for the Omaha Grain Exchange Laboratory as assistant to the chief chemist at a salary of $125 per month. He has continued in that employment and at the time of trial was chief chemist at a salary of $375 per month.

In March 1940 their only child was born, a daughter, Diana J., who was seven years of age at the time of trial.

There is no question as to the cause of this marriage breaking up. It was due to the appellant's excessive use of intoxicating liquors.

At the time of trial the parties had accumulated, during their 11 years of married life, the following: The residence located at 4315 Chicago Street in Omaha, which they purchased in March 1946 for a consideration of $6,750 and on which they expended about $1,700 for repairs and improvements; the household furnishings therein, it being a five-room house; a 1940 tudor Ford sedan, having a value of approximately $650; a bank balance of $95; and two $1,000 life insurance policies, the cash value of which is not shown. At that time the

only debt which the parties had was to the appellant's parents in the sum of $3,500. This sum they had borrowed at the time they purchased and fixed up the Chicago Street property. It is evidenced by a note signed by both parties. This note draws interest at five percent and is due in ten years.

The effect of the decree is to give appellee the Chicago Street residence together with the furnishings and contents therein and leaves the appellant the Ford car, worth approximately $650, a $95 bank account, and two $1,000 insurance policies, the cash value of which is not shown. While appellant has his position, from which he draws a salary of $375 per month, however, out of this salary he is required to pay $75 per month, until the $3,500 indebtedness to his parents has been paid, and the further sum of $100 per month for the care and maintenance of the minor child.

In view of the rule as stated in Lippincott v. Lippincott, 144 Neb. 486, 13 N. W. 2d 721, we think the award to appellee is excessive. Therein we said: "In fixing the amount of permanent alimony the court will take into consideration the estate of each party at the time of the marriage, their respective contributions since, the duration of the marriage, the wife's loss of her interest in the husband's property by virtue of the divorce, the social standing, comforts and luxuries of life which the wife would probably have enjoyed except for the enforced separation, the conduct of the parties leading up to the divorce and to which party the divorce is granted, their age and condition of health, and all other facts and circumstances, and award an amount in alimony which appears to be fair and equitable between the parties."

We find a fair award to be as follows: That appellee have the furnishings and contents of the home; that appellee and appellant own the property located at 4315 Chicago Street and described as Lot 4, Block 21, Poppleton Park Addition to the City of Omaha, Douglas County,

Nebraska, as tenants in common subject to the condition that appellee have the use thereof as a home for herself and minor child as long as she shall have the custody of the child and use the property to make a home for her. However, this provision shall not extend beyond the time when said child shall reach the age of 21 years, permanently leave the home, or marry, whichever may occur first in point of time. During the time the appellee occupies the property under the foregoing provision she shall pay the taxes on said premises, keep the same insured for a reasonable amount payable according to the interest of the parties, and keep the premises in reasonable repair. Appellant is to pay appellee the sum of $50 per month, commencing with the date of the lower court's judgment entered pursuant hereto, and continue to do so every month as long as she maintains the home for the minor child pursuant to the foregoing provisions. Appellant is also to pay the sum of $50 per month for the care and support of the minor child. The payment of this latter sum is also to commence on the date the lower court enters judgment pursuant hereto. Both of these $50 monthly payments are made to commence on the date as specified for the reason that the appellant has been paying the sum of $25 per week as a temporary allowance for the same purpose and when these payments go into effect the temporary allowance shall cease.

The balance of the property, consisting of the bank balance, Ford sedan, and life insurance policies are awarded to the appellant.

As to the $3,500 which these parties owe the appellant's parents, and which is not due until 1956, we direct, insofar as any liability which the appellee may have thereon, that, as between these parties, the appellant shall be primarily liable therefor.

As to appellant's desire to have custody of the child for short periods of time during each year we do not think such a provision would be for the best interests

of the child. Under the situation disclosed by the record we think the best interests of the child will be served by the provision in the decree of the lower court which gives appellant the right to visit his daughter at reasonable times.

Appellant also complains because the lower court excluded evidence relating to the financial and physical condition. of his parents. While it would have been proper to have admitted this evidence the exclusion was not prejudicial for the record indicates they are not in financial distress and for the further reason that in this action we are primarily concerned with the welfare of the parties immediately involved.

The decree of divorce and custody of the child, as awarded to appellee, are affirmed. Otherwise, the decree entered by the lower court is ordered modified in accordance with this opinion.

Costs, including a fee of $150 awarded appellee for attorney fees in this court, are taxed to appellant. As modified, the decree of the lower court is affirmed.

AFFIRMED AS MODIFIED.